**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KISHORE JAYAKUMAR,**
Plaintiff,

v.

Civil Action No. 1:24-cv-01842-ABJ
Hon. Amy Berman Jackson

**MICHIGAN HEALTH CLINICS, P.C.**
and
**DAVID STOCKMAN,**
Defendants.
_______________________________________/

**EMERGENCY MOTION TO STRIKE, TRANSFER, AND/OR DISMISS PLAINTIFF'S AMENDED COMPLAINT IN ITS ENTIRETY**

Defendant **David Stockman**, appearing pro se, moves for emergency relief under **Fed. R. Civ. P. 12(b)(1)–(3), 12(b)(6), 12(f), 8, 9(b), 10, 15(a)(2), 16(b)(4), 20, 21**, **LCvR 15.1**, **11 U.S.C. § 362**, and **28 U.S.C. §§ 1404(a), 1406, 1412**.

Plaintiff's **Amended Complaint** (Dkts. 18–18-4), filed October 14, 2025 (received on the docket October 24, 2025), must be **stricken and dismissed in its entirety** because it (1) violates an active bankruptcy stay, (2) rests on fabricated jurisdictional facts, and (3) fails multiple procedural and substantive requirements of the Federal Rules.

---

**I. The setting of this case**

The case began June 26, 2024, as a narrow wage suit. After an answer and a clerk's default as to the corporation, the Court stayed the matter for mediation. Following counsel's withdrawal, the Court issued a brief **September 25, 2025** Minute Order allowing Plaintiff "to file any amended pleading by October 17, 2025," a housekeeping step—not an invitation to relaunch the litigation.

RECEIVED
NOV 07 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Within weeks, Plaintiff filed a 37-page **Amended Complaint** that (a) adds new defendants, including **Magdalena Perez**, (b) injects new statutory theories and swollen damages, and (c) issues new summonses to new parties . This is not a modest edit; it is a wholesale overhaul.

---

## II. Bankruptcy stay violation renders the Amended Complaint void ab initio

The most fundamental defect is jurisdictional. The **Amended Complaint** names **Magdalena Perez** as a defendant in its caption and parties section and issues a new summons to her (Doc. 18-4) . Ms. Perez is a Chapter 11 debtor in **In re Magdalena Perez, No. 1:24-bk-21078 (Bankr. E.D. Mich.)**. Under **11 U.S.C. § 362(a)**, filing or maintaining "an action or proceeding against the debtor" is stayed. Pleadings filed in violation of that stay are **void ab initio**. *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311–12 (11th Cir. 1983).

Because the stay attaches at filing, every downstream step—service, deadlines, any effort toward default—lacks legal force. The stay defect infects the entire pleading; the **Amended Complaint is a nullity**.

---

## III. Fraud on the Court and vexatious conduct

Plaintiff anchors venue and D.C. statutory coverage on the assertion that he "provided virtual dermatological services … **from his office in the District of Columbia**," and that "**at all relevant times, Plaintiff's work … was performed in the District of Columbia**" (¶¶19–20) . That statement is false. Plaintiff worked **in person in Virginia** (Clinical Dermatology Center,

Chantilly; Mid-Atlantic Permanente/Kaiser, Woodbridge), and only intermittently connected by telemedicine to Michigan patients. The D.C. situs was fabricated to manufacture venue and trigger D.C. wage statutes. Using knowingly false jurisdictional facts to invoke this Court's power is **fraud upon the Court**. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944).

---

**IV. Expanded procedural and jurisdictional defects**

1. **Exceeding leave (Rules 15 & Court's order).** The 9/25/2025 order permitted filing **an** amended pleading by 10/17/2025, not the addition of new parties, statutes, or sweeping damages changes. The filed amendment adds **Perez and Hart**, retools theories, and serves new summonses—actions that exceed the Court's limited leave . *Bancoult v. McNamara*, 214 F.R.D. 5, 13–14 (D.D.C. 2003).
2. **Improper joinder (Rule 21).** Adding parties required a Rule 21 motion. None was filed. Joinder is procedurally void.
3. **LCvR 15.1 violation (noncompliant redline).** Local Rule 15.1 mandates a motion for leave with (a) a clean proposed pleading and (b) a proper comparison copy. Plaintiff filed **no motion**, and the "redline" (Doc. 18-2) is not a usable comparison: it contains tracked "Formatted:" metadata, muddled markups, and hidden material changes (new parties, new statute, new totals) that are not cleanly indicated (see Doc. 18-2 at pp. 1–3 and 12–16) . Noncompliance independently warrants striking. *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 103 (D.D.C. 2006).

4. **Supersession & default.** A superseding amended complaint **replaces** the original and renders it of no legal effect. *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884); Wright & Miller § 1476. The 2024 clerk's default (Dkt. 7) tied to the original complaint cannot survive the superseding amendment. There is **no valid default to leverage**; only the defective amended pleading remains.
5. **Subject-matter jurisdiction & diversity (Rule 12(b)(1)).** Plaintiff pleads diversity under § 1332 while identifying **all defendants as Michigan citizens** (Stockman, Perez, Hart; and Michigan Health Clinics, P.C.) . The pleading fails to establish complete diversity and offers no federal question.
6. **Venue (Rule 12(b)(3)).** The Employment Agreement (Exhibit 1) states it was **"made and entered into at Saginaw, Michigan"** and is governed by **Michigan law** (Article 13) —contradicting the claim that a "substantial part" occurred in D.C. under § 1391(b)(2).
7. **Personal jurisdiction (Rule 12(b)(2)).** Defendants' alleged contacts are Michigan-centered. Plaintiff's unilateral remote activity cannot create D.C. minimum contacts. *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014).
8. **Overlap with bankruptcy (stay propagation).** Claims against Ms. Perez are stayed and intertwined with claims against the other defendants; the matter is functionally within bankruptcy control. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003).
9. **No Rule 16 good cause.** After two years and post-mediation, Plaintiff identifies no new facts justifying a late overhaul. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

## V. Substantive pleading defects (Rules 8(a), 9(b), 10, 12(f))

1. **Shotgun/incorporation pleading.** Each count "incorporates the foregoing paragraphs," obscuring issues and prejudicing the defense (Counts I–III, pp. 9–11) . *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).
2. **Contradictory damages.** The wage table totals **$141,972.60** (p. 4) , but the redline later changes June and the overall total (p. 24 of Doc. 18-2), and the redline prayer swings to a "current total amount" near **$576,185** (pp. 32–34 of Doc. 18-2) .
3. **Exhibits contradict allegations.** Exhibit 1 fixes Michigan as the place of execution/governing law, contradicting ¶¶19–20 that all work occurred in D.C.; exhibits control. *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) .
4. **Rule 9(b) failure.** Fraud (Count III) lacks particularity: no "who/what/when/where/how," only generalized "they said I'd be paid" assertions (pp. 10–11) . *Williams v. Martin-Baker*, 389 F.3d 1251, 1256 (D.C. Cir. 2004).
5. **Redundant/impertinent matter.** The pleading mixes overlapping D.C. wage statutes, veil-piercing, and tort, while seeking treble, liquidated, and punitive damages for the same sums (pp. 9–12; Doc. 18-2 at 32–34) —strikeable under Rule 12(f).

---

**VI. Service and Rule 11(a) certification concerns**

The certificate shows mailing to Stockman (p. 12), and summonses were generated for Hart and Perez (Docs. 18-3, 18-4), but there is no Rule 4(l) proof of service on others yet . The redline still carries legacy counsel identifiers inconsistent with the current signature block (Doc. 18-2 at 16–17) , raising certification issues.

---

**VII. Prejudice and bad faith**

Permitting this defective, stay-violating pleading to proceed would force relitigation, needless discovery, and dueling forums, all off a false D.C. premise. The timing and scope bespeak tactical misuse, not diligence. The Rules do not reward this conduct. *Foman*, 371 U.S. at 182.

---

**VIII. If anything survived (it does not): transfer nexus**

If any residue remained after striking/dismissal, transfer to **E.D. Michigan** is mandated by convenience and justice (**§ 1404(a)** or **§ 1406**), with Perez-related issues referred under **§ 1412**, because the contract (Exh. 1) and all parties/witnesses are Michigan-centered and the related bankruptcy is pending there .

---

**IX. Decision without hearing**

Under **LCvR 7(f)**, these issues are purely legal and appear on the face of the record. The Court should decide on the papers.

---

**X. Relief requested**

**Defendant David Stockman** respectfully requests that the Court:

1. **Strike and dismiss the Amended Complaint in its entirety, with prejudice,** as **void ab initio** under **11 U.S.C. § 362(a)** and fatally defective under **Rules 8, 9(b), 10, 12(f)** and **LCvR 15.1**;
2. **Additionally strike and dismiss the entire case** as **frivolous, vexatious, and a fraud upon the Court**, recognizing that the superseding amended pleading nullified any prior default and left nothing validly pending before this Court; and
3. **In the alternative only**, **transfer the entire matter to the United States District Court for the Eastern District of Michigan** (and refer debtor-related issues to the Bankruptcy Court in *In re Perez*, No. 1:24-bk-21078), where all parties, witnesses, governing law, and the related bankruptcy reside.

---

**Certificate of Service**

I certify that on **November 7, 2025**, I served this motion by first-class U.S. Mail and by email upon:

**James L. Ellison II, Esq.**
Ellison Sadri LLC
2086 Generals Highway, Suite 201
Annapolis, MD 21401
**jellison@eslawgroup.com**

---

**Respectfully submitted,**
/s/ **David Stockman**
David Stockman, Pro Se
3871 Fortune Boulevard
Saginaw, Michigan 48603
dstockma4@icloud.com | (989) 341-3017
Date: **November 7, 2025**